UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROGER DORN BALDWIN, | Case No. 2:17-cv-00807-RFB-NJK |
| Plaintiff, | ORDER |
| v. | |
| MICHAEL Y. HABTE; NELLIS CAB, LLC.; GEICO GENERAL INSURANCE COMPANY; DOES I through X; and ROE CORPORATIONS XI through XX, | |
| Defendants. | |

### I. INTRODUCTION

Before this Court comes Defendant GEICO General Insurance Company ("GEICO")'s Motion to Sever Improperly Joined Claims (ECF No. 5); GEICO's Motion to Remand to State Court Non-Diverse Claims (ECF No. 6); Plaintiff Roger Dorn Baldwin ("Plaintiff")'s Motion to Remand for Lack of Diversity and Request for Attorney's Fees (ECF No. 8); GEICO's Motion to Dismiss (ECF No. 10); and GEICO's Motion to Stay Claims for Bad Faith (ECF No. 11). For the reasons stated below, the Court grants Plaintiff's Motion to Remand and denies GEICO's Motions.

### II. BACKGROUND

#### a. Factual Allegations

Plaintiff alleges the following facts in his Complaint. Plaintiff is a resident of Clark County, Nevada. Defendant Michael Y. Habte ("Habte") is a resident Clark County, Nevada. Defendant Nellis Cab, LLC ("Nellis Cab") is a limited liability corporation and/or business entity authorized to do business as a taxicab company in Clark County, Nevada. Defendant GEICO is a corporation and/or business entity authorized to do business as an insurance company in Clark County,

Nevada.

On June 24, 2015, Plaintiff was involved in a motor vehicle collision with Habte at 7:15 p.m. on South Valley View Boulevard, south of Viking Road, in Las Vegas, Nevada. Plaintiff was traveling northbound on Valley View when Habte failed to yield to the right-of-way and pulled into Plaintiff's travel lane causing the car crash. Plaintiff alleges that, at the time of the subject car crash, Habte was working within the scope and course of his employment with Nellis Cab. This accident caused physical injuries to Plaintiff.

On October 6, 2015, Plaintiff was involved in a motor vehicle collision with nonparty Mary C. Trotter ("Trotter"). The collision occurred at approximately 11:30 a.m. on southbound Valley View, at the red light with Flamingo Avenue, in Las Vegas, Nevada. Plaintiff was driving southbound on Valley View on the Number One travel lane, directly in front of Trotter. Plaintiff stopped his vehicle for the red light ahead and Trotter failed to use due care and struck the rear of Plaintiff's vehicle. Plaintiff alleges that Trotter's negligence was the clear cause of the October 6, 2015 collision. Plaintiff was injured as a result of the collision caused by Trotter's negligence.

Trotter's vehicle was insured with The General Insurance Company, with policy limits of $15,000 per person and $30,000 per occurrence. On or about March 8, 2016, Trotter, by and through her insurance company, claim number PA0002030335, tendered the available policy limits, $15,000, to Plaintiff.

At the time of the October 6, 2015 collision, Plaintiff and his vehicle were insured with GEICO. This insurance policy included uninsured/underinsured motorist ("UM/UIM") benefits with a policy limit of $50,000 / $100,000. Plaintiff notified GEICO of a potential underinsured motorist claim on or about October 7, 2015. Plaintiff alleges that GEICO is entitled to offsets in the amount of $25,000: $15,000 for Trotter's third party settlement, and $10,000 in medical payments that were paid by GEICO.

Plaintiff's past medical bills are reasonable in light of Plaintiff's injuries and the treatment that was provided to Plaintiff by his treating physicians, and were necessarily incurred by him for treatment he received because of injuries that were proximately caused in the October 6, 2015 collision. GEICO owed Plaintiff a duty to act in good faith in evaluating, investigating, and

handling his claim, but was instead indifferent, inexcusably ignorant, and worse.

Plaintiff asserts the following causes of action: (1) negligence / negligence per se, against Habte; (2) negligence (respondeat superior), against Nellis Cab; (3) negligent hiring / training / supervision, against Nellis Cab; (4) negligent entrustment, against Nellis Cab; (5) breach of uninsured motorist / underinsured motorist insurance contract, against GEICO; (6) breach of implied covenant of good faith and fair dealing / bad faith, against GEICO; and (7) violation of Nevada's Unfair Claims Practices Act, against GEICO.

### b. Procedural History

Plaintiff originally filed suit in the Eighth Judicial District on January 5, 2017. (ECF 1-1). Plaintiff filed a First Amended Complaint in state court on March 15, 2017.[1] On March 20, 2017, the case was removed to this Court. (ECF No. 1). In its Petition for Removal, GEICO argued that it was diverse from Plaintiff, that the other Defendants were improperly joined, and that the amount in controversy was met.

On March 21, 2017, GEICO filed the Motion to Sever Improperly Joined Claims. (ECF No. 5). The same day, GEICO filed the same document as a Motion to Remand to State Court Non-Diverse Claims. (ECF No. 6). Plaintiff filed a Response addressing both motions on April 4, 2017. (ECF No. 13). Without leave from the Court, Plaintiff filed an additional Response to the Motion to Sever on April 7, 2017. (ECF No. 15). GEICO filed a Reply on April 10, 2017. (ECF No. 17).

GEICO filed a Motion to Dismiss on March 27, 2017. (ECF No. 10). The same document was filed as a Motion to Stay Claims for Bad Faith. (ECF No. 11). Plaintiff filed a Response to the Motion to Dismiss that also addressed the Motion to Stay on April 7, 2017. (ECF No. 16). GEICO filed a Reply and an Objection to the Response on April 14, 2017. (ECF Nos. 19, 20).

## III. LEGAL STANDARDS

### a. Severance of Parties and Claims

---

[1] That filing appears to be only one page long in the Petition for Removal. (ECF No. 1-1 at 24). This Court reviewed the state court docket and found that the First Amended Complaint ("FAC") filed indeed is only the first page of what appears to be a longer document.

- 3 -

Under Rule 20(a), defendants in a federal action may be joined in a single action if:

(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
(B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). Importantly, Federal Rule of Civil Procedure 21 provides: "Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party."

"When a claim is severed, it becomes an entirely new and independent case. . . . A severed action must have an independent jurisdictional basis. . . . It can no longer rely on the supplemental jurisdiction afforded by 28 U.S.C. § 1367(a), for there is nothing left to supplement. That is, 'the once-upon-a-time related claim is no longer a related claim because there is no federal claim to which it can relate.'" Herklotz v. Parkinson, 848 F.3d 894, 898 (9th Cir. 2017) (citations omitted).

### b. Removal Jurisdiction

28 U.S.C. § 1441(a) grants district courts jurisdiction over state court actions that originally could have been brought in federal court. 28 U.S.C. § 1441(b)(2) provides: "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title [28 USCS § 1332(a)] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

"Removal and subject matter jurisdiction statutes are strictly construed, and a defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." Hawaii ex rel. Louie v. HSBC Bank Nev., N.A., 761 F.3d 1027, 1034 (9th Cir. 2014) (citation and quotation marks omitted).

### IV. DISCUSSION

The Court initially notes that federal procedural rules apply to the analysis of the instant motions, as issues of joinder and severance are clearly procedural. See Feldman v. Allstate Ins. Co., 322 F.3d 660, 666 (9th Cir. 2003) ("Pursuant to Erie and its progeny, federal courts sitting in

diversity apply state substantive law and federal procedural law.") (citing <u>Erie v. R.R. Co. v. Tompkins</u>, 304 U.S. 64, 78 (1938)).

**A. GEICO's Motion to Sever and Motion to Remand**

GEICO argues that its joinder with Habte and Nellis Cab does not meet the permissive joinder requirements of Federal Rule of Civil Procedure 20(a)(2). GEICO contends that the claims against it and the claims against Habte and Nellis Cab do not arise out of the same transaction or occurrence, and that there are not common questions of law or fact. GEICO requests that the Court sever the misjoined Defendants, as it is not a putative joint tortfeasor along with Habte and Nellis and therefore cannot be held jointly and severally liable. GEICO suggests that the doctrine of fraudulent misjoinder provides an additional basis for severance. Should the Court decide to sever the claims against Habte and Nellis from the claims against GEICO, GEICO argues that the Court should also remand the severed claims.

Plaintiff contends that joinder is proper because GEICO is jointly and severally liable for Plaintiff's damages. Plaintiff relies on <u>Kleitz v. Raskin</u>, 738 P.2d 508 (Nev. 1987). In <u>Kleitz</u>, the plaintiff was injured in two automobile accidents a month apart, and sued the drivers of both accidents. <u>Id.</u> at 509. The Nevada Supreme Court held that, when a plaintiff claims he suffered a single injury from multiple automobile accidents, the plaintiff must prove that the second driver's actions caused plaintiff's injury before the burden shifts to the defendant to apportion damages. <u>Id.</u> Here, Plaintiff argues that GEICO has admitted that <u>Kleitz</u> applies because it has insisted on apportionment of damages between the two accidents. Additionally, Plaintiff argues that GEICO's handling of the claim was done in bad faith and arose out of the same transaction or occurrence as the negligent automobile collisions. Plaintiff also contends that the filing of the instant motions merits attorneys' fees under 28 U.S.C. § 1927.

The Court finds that there is no improper joinder. Although the claims against Habte and Nellis Cab relate to the June 24, 2015 collision, while the claims against GEICO relate to the October 6, 2015 collision, the Court finds that the requirements of Federal Rule of Civil Procedure 20(a)(2) are satisfied. First, the Court finds that the various claims involve the same series of occurrences or transactions. The Court construes the Complaint as alleging related and

overlapping injuries between the June 24, 2015 collision and the October 6, 2015 collision. Indeed, at the hearing on this motion counsel for GEICO candidly (and appropriately) acknowledged that, while the accidents are separate, the Plaintiff's potential damages arising from treatment for the symptoms of his injuries, especially symptoms such as pain in his back, could not be readily separated in terms of causation. The legal determination of causation as to Plaintiff's subsequent symptoms and the damages associated with such symptoms necessarily would include consideration of how the various injuries that Plaintiff suffered in the two accidents impacted and interacted with each other from a medical standpoint.

Second, the Court finds that there are common questions of law for the joined claims. That is because, under Nevada law pursuant to <u>Kleitz</u> and its progeny, the Court and/or the jury must consider the facts of each of the accidents and the alleged injuries caused by the accidents and determine to what extent each accident contributed to the ultimate injuries suffered by the Plaintiff. 738 P.2d at 509. Counsel for GEICO suggested at the hearing on the motions that the Court could determine that the accidents caused separate injuries by comparing the injuries and related medical records and expert testimony, and thus determine that joinder was improper. Yet, this argument misses the point. The ultimate finding regarding causation is not the focal point of analysis for the joinder or misjoinder analysis under Rule 20. Rule 20 is directed to the initial naming of parties or assertion of claims. Even if it is ultimately determined that each collision caused independent injuries to Plaintiff, the analysis of the causation of Plaintiff's injuries necessarily includes consideration of the facts of **both** accidents. GEICO acknowledged that, if it was determined that Trotter was negligent for the second accident and had insufficient insurance to cover the resultant damages, GEICO would be required to pay under the underinsured portion of the Plaintiff's policy. Indeed, counsel for GEICO tactfully indicated that his client would not be willing to abandon defenses regrading apportionment under <u>Kleitz</u> as it related to Plaintiff's injuries. As the determination of the apportionment of damages under Nevada law requires consideration of the facts of both accidents, and since GEICO has indicated it might raise apportionment as a defense to the amount of possible damages, the Court finds that a common question of law exists.

Consequently, the Court does not find improper joinder, and the Motion to Sever and

Motion to Remand Nondiverse Claims are denied. However, the Court does not find that the filing of these motions was improper, and declines to award attorneys' fees to Plaintiff.

### B. Plaintiff's Motion to Remand

As Habte, Nellis Cab, and GEICO were properly joined, diversity jurisdiction does not exist in this case. There is no dispute that Habte and Nellis Cab are residents of Nevada. Thus, Plaintiff's Motion to Remand is granted. As there is not complete diversity between Plaintiff and all Defendants, the Court need not reach the issue of the amount in controversy. The Court does find that GEICO had a reasonable, good faith basis for removing the case and therefore attorneys' fees to Plaintiff are not warranted.

### C. Geico's Motion to Dismiss and Motion to Stay Bad Faith Claims

As the case is remanded on the grounds of incomplete diversity, the Court denies the Motion to Dismiss and Motion to Stay Bad Faith Claims without prejudice as moot.

## V. CONCLUSION

**IT IS ORDERED** that Plaintiff's Motion to Remand for Lack of Diversity (ECF No. 8) is GRANTED.

**IT IS FURTHER ORDERED** that Defendant's Motion to Sever (ECF No. 5) is DENIED.

**IT IS FURTHER ORDERED** that Defendant's Motion to Remand Nondiverse Claims (ECF No. 6) is DENIED.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (ECF No. 10) is DENIED without prejudice.

**IT IS FURTHER ORDERED** that Defendant's Motion to Stay Claims (ECF No. 11) is DENIED.

///

///

///

1      **IT IS FURTHER ORDERED** that this case is remanded to state court and back to the Eighth Judicial District Court, Clark County, Nevada, Case Number A-17-749146-C. The Clerk of Court is directed to close this case.

DATED January 29, 2018.

                                                   **RICHARD F. BOULWARE, II**
                                                   **UNITED STATES DISTRICT JUDGE**